UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN CARLOS ALMONTE,

                Plaintiff,

-against-

V. NORIEGA; RUBY KRAJICK,

                Defendants.

21-CV-7414 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. By order dated September 22, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's complaint is mostly illegible; his handwriting is difficult to read, and he has written everywhere in the margins of the complaint form. Plaintiff sues the Clerk of Court for the United States District Court for the Southern District of New York and an employee of the Pro Se Intake Unit. He alleges the following:

> I've submitted a 1983 civil constitutional lawsuit to the Clerk of the Court Ruby Krajick and he gave my personal papers to V. Noriega Pro Se Intake Unit. 250.25 Tampering with private communication and 195.00 official misconduct. Also 18 U.S.C. 912 obtain with private document. Demand #3 years of imprisonment.
>
> My 1983 constitutional lawsuit documents are not been submitted the way I have demanded on my documented papers! I sent an additional #7 page letter with more argument about my case and it was sent back to myself with an explanation if you want to file a lawsuit, please complete the attached forms and return them to the Pro Se Intake Unit.
>
> My comment: 1983 lawsuits do not get send to the Pro Se Intake Unit. It get send to the Clerk Office. That's bribery with 1st Degree 200.04? Influencing yourself and others to believe something that is not truth . . .? Myself. Docket Case 1:21-CV-06062-UA.
>
> Everything I've demanded I've placed it on paper. And I also demand as demanded that everything I've placed on paper get enforced promptly. . . . I demand everything as pronto with no remarks. . . .

(ECF 1 at 5.)[2]

Plaintiff contends that Defendants have engaged in cruel and unusual punishment, in violation of the Eighth Amendment. (*Id.*) He seeks "a real court check to open my own personal private account" and to have Defendants "arrested on charges that [he] demanded." (*Id.*)

## DISCUSSION

Plaintiff styles this action, in which he sues federal employees, as a suit under 42 U.S.C. § 1983. The Court construes Plaintiff's allegations that federal employees violated his constitutional rights as claims arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

---

[2] The Court quotes from the complaint verbatim. All capitalization, punctuation, omissions, and grammar are in the original.

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).[3]

Here, Plaintiff alleges that Defendants violated his rights under the Eighth Amendment of the U.S. Constitution by failing to file his letter, as he intended, in his pending action, *Almonte v. Karth*, No. 21-CV-06062 (LTS), and instead returning it to him with instructions for filing a complaint.[4] These allegations do not state a claim for a violation of Plaintiff's rights under the Eighth Amendment, which governs punishments inflicted as penalties for crimes. *See, e.g., Hope v. Pelzer*, 536 U.S. 730, 737 (2002) ("[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."). The Court therefore need not consider whether a *Bivens* remedy extends to Plaintiff's claims.

Moreover, court clerks are immune from suit "for performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). In addition, court clerks "are absolutely immune from suit for 'functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.'" *Garcia v. Hebert*, No. 08-CV-0095 (DFM), 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013) (quoting *Humphrey v. Court Clerk*,

---

[3] The Supreme Court has recognized implied causes of action under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). The Supreme Court has made clear, however, that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857.

[4] If Plaintiff wishes to file anything in any of his pending actions, he must write legibly and include the case name and docket number on the document he seeks to file.

No. 5:08-CV-0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008)). Plaintiff's claims against Defendants are therefore dismissed for failure to state a claim on which relief can be granted and because Defendants are immune from suit for such claims. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's allegations seeking to prosecute criminal charges against Defendants must also be dismissed because a private individual cannot prosecute criminal charges. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) ("[T]he decision to prosecute is solely within the discretion of the prosecutor.").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action.

## CONCLUSION

Plaintiff's complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   September 27, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge